---

## Same Case.—On a Re-hearing.

Simon, J. We have granted the application, made by the defendants' warrantors for a re-hearing in this cause, on divers grounds, the most important of which, in our opinion, grows out of the answer of the defendant to the plaintiff's petition. It is contended by the applicants, that the defendant Chasagne is not entitled to any recourse in warranty under the sale from Charles Durapau to her; as it is admitted in her answer, that the defect

complained of by the plaintiff, was such as to be discovered by simple inspection. Hence it is argued, that this admission or allegation shows, that she was herself precluded from instituting a redhibitory action against her immediate vendor, because she knew the existence of the defect at the time of the sale; and that, taking her call in warranty as in the nature of a redhibitory action, it is clear, that with such admission or allegation, it could not be maintained ; that she had nothing to claim against Durapau ; and that, therefore, the subsequent warrantors must also be discharged.

The answer of the defendant to the plaintiff's redhibitory action contains the following averment: " *and this defendant further says, that the defect complained of by plaintiff is an apparent disease, which gives no room to redhibition.*" , All the successive warrantors, except Destez, who denies all knowledge, seem to admit also that the defect was an apparent one; and moreover it is shown by the testimony of one Dr. Dupierris, that Durapau, intending to purchase the slave, had called upon him to examine her, and was advised by him not to purchase her, as she had every indication of a scrofulous disease and a swelling in the abdomen. The malady was then in existence, and notwithstanding the physician's warning, Durapau told him that he intended purchasing the slave, as he could get her very cheap.

Now, under art. 2497 of the Civil Code, " apparent defects, that is, such as the buyer *might have discovered by simple inspection,* are not among the number of redhibitory vices ;" and art. 2498 provides that, " the buyer cannot institute the redhibitory action, on account of the latent defects which the seller has declared to him before, or at the time of the sale." See also, 3 Robinson, 12 and 319. It results from these articles that, if the defendant in a redhibitory action, shows that the defect was an apparent one, or that the plaintiff knew of its existence at the time of the sale, the action must fail, and the plaintiff's demand be rejected. If so, how would it be in an action in which the plaintiff admits or alleges the existence of the defect *as an apparent one which gives no room to redhibition* ; or in which it should be shown, that the plaintiff insisted on buying the slave, notwithstanding his discovery of the disease, and the advice of

his physician not to buy? Surely, the action would be defeated on the mere reading of the petition in the first case, and rejected as unfounded in the second. So it must be in the present case, as between the defendant Marie Chasagne and her warrantor Durapau, and also as between Durapau and his vendor Montz; and on a further consideration of the case, we have come to the conclusion, that the judgment appealed from ought to be maintained only with regard to the cancelling of the sale as claimed by the plaintiff against the defendant, and that the parties successively called in warranty should be discharged from all liability.

It is, therefore, ordered, that our former judgment, so far as it affirms the judgment appealed from as between the plaintiff and Marie Chasagne, he maintained; and with regard to the parties successively called in warranty, it is ordered and decreed, that the judgment of the District Court be avoided and reversed; that the claim set up by said defendant against her vendor Durapau, for damages, be rejected; and that our judgment be in favor of all the parties called in warranty, discharging them from liability by reason of their respective sales; the said defendant paying the costs in both courts.